**In re HOWARD INSURANCE AGENCY, INC., Howard Insurance Agency of Oklahoma, Inc., Debtor.**

**Bankruptcy Nos. 83–01855–W, 83–01856–W.**

United States Bankruptcy Court, N.D. Oklahoma.

Nov. 21, 1989.

J. Scott McWilliams, U.S. Trustee pro se.

Lorraine Echols, for U.S. Trustee.

**ORDER DENYING OBJECTION OF UNITED STATES TRUSTEE TO FINAL ACCOUNT**

MICKEY DAN WILSON, Bankruptcy Judge.

This matter comes on for hearing this 8th day of November, 1989 pursuant to regular assignment; Successor Trustee, J. Scott McWilliams, appears in person and acting as his own attorney and the United

States Trustee appears by its attorney, Lorraine Echols. The United States Trustee objects to the final account of the Successor Trustee alleging unauthorized disbursements to Michael H. Freeman in the amount of $19,662.04 and an unauthorized disbursement to Talbot, Bird and Company in the sum of $3,948.31.

The Successor Trustee proceeded to present his accounting; whereupon, the United States Trustee stated it was unable to find proper authorization for the disbursements and that the case pleadings, being complicated and voluminous, did not reveal orders of the Court authorizing said disbursements. The Successor Trustee's response, filed November 8, 1989, discloses the whereabouts of the particular orders authorizing the disbursements.

It is noteworthy to mention that the Successor Trustee's final account was filed on September 26, 1989 and the objection to the final account was filed one day before this hearing, on November 7, 1989, and the Successor Trustee's response to said objection was filed immediately before the hearing. Statements of counsel and pleadings reveal that the Successor Trustee's final account was signed on August 16, 1989 and about that time submitted to the office of the United States Trustee for their approval. The submission of a Trustee's proposed final account is required to be submitted to the United States Trustee before a Trustee is allowed to file the same under penalty of breach of the United States Trustee's internal regulations. If this procedure were not followed appropriate sanction may be levied by the United States Trustee against the offending party (the panel Trustee) as deemed necessary by the United States Trustee and as allowed by internal regulations, in the event the final account of the Trustee is not submitted to the United States Trustee's Office for their approval before filing. The obvious sanction against the panel Trustee would be that the United States Trustee would not appoint that individual as Trustee in future cases, thereby terminating the individual's employment as a Trustee.

 The effect of this procedure is to prohibit Trustees from access to the Courts; for if the Trustee files its final account without approval of the United States Trustee's Office then the Trustee subjects itself to sanctions which may or might deprive the Trustee of its livelihood as Trustee. The internal regulation or procedure of the United States Trustee in preventing an individual access to the courts is repugnant to this Court and violates the most fundamental right of any individual to seek access to the Courts. In addition, this procedure or regulation transcends and supersedes the statutory duties of a Trustee as set forth in Congressional Acts and Bankruptcy Rules having the force and effect of statutes. The Trustee is not an employee of the United States Trustee's Office but is an officer of the court, an independent entity with responsibilities to creditors and equity security holders.

 Upon receipt of the Successor Trustee's response to the objection of the United States Trustee, the United States Trustee then stated that in the event the orders do exist as set forth by the Successor Trustee then the United States Trustee would withdraw its objection to the final account. The United States Trustee then stated that it is incumbent upon the Successor Trustee to provide for them the specific information requested and that the United States Trustee is not required to discover the appropriate pleadings authorizing payments. The Successor Trustee states that it is not the job of the Successor Trustee to do the job and the work of the United States Trustee and it is incumbent upon the United States Trustee to determine the basis for their objections.

The United States Trustee is subject to the laws of the United States of America like any other entity. Bankruptcy Rule 9011 applies to attorneys representing entities including attorneys representing the United States Trustee's Office, and the signature of an attorney, including attorneys representing the United States Trustee, constitute a certificate by that individual that that individual has read the pleading and that the contents thereof, upon the best knowledge of the attorney is well grounded in fact and is warranted after reasonable inquiry.

 There is obviously a lack of communication and/or consideration for the

other party in this matter for the objection accuses the Former Trustee either as Trustee or when acting as his own attorney of improper payments totaling $19,662.04. Such a serious allegation affirms the necessity of a reasonable inquiry by the person making the allegation that facts exist which support the allegation. Being unable to find the orders authorizing the disbursements because of the pleadings being voluminous is a poor, unacceptable reason for such an allegation. It is not the duty of the Trustee to do the work of the Office of the United States Trustee [1] such as providing to the United States Trustee specific copies of pleadings which are a part of the court record. All parties should treat the other with the respect to which each would like to be treated, each assisting the other in the performance of their statutory duties and, of course, all attorneys should be aware of their ethical duties as set forth in part in Bankruptcy Rule 9011.

For the above reasons, the United States Trustee's objection to the final account is hereby denied.

AND IT IS SO ORDERED.

---

1. The Court is well aware of the substantial workload of the Office of the United States Trustee and of their lack of ability to discharge their statutory duties.